CALDERÓN, PLAINTIFF AND APPELLEE, v. REYES, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in an Action
for Acknowledgment of Servitude.

No. 2495.—Decided December 14, 1922.

SERVITUDE — RIGHT OF WAY — APPEAL — VARIANCE—OBJECTION—SURPRISE.—Not
only does an objection regarding a technical rather than a substantial variance
between the pleadings and the evidence come too late when made for the first
time on appeal, but if during the course of the trial a party insists that he
has been surprised or misled, he must substantiate the claim by showing that
it is well founded.

ID.—ID.—ID.—THEORY OF CASE.—That a party can not try his case upon one the-
ory and win his appeal upon another, has been pointed out in various other
cases and is too elementary to require discussion or citation of authority.

The facts are stated in the opinion.
*Mr. C. García de la Noceda* for the appellant.
*Mr. L. S. Vahamonde* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff brought suit to establish the existence from
time immemorial of a servitude as a means of ingress and
egress to and from the property of plaintiff and over that
of defendant. The complaint alleged both properties to be
segregations from a larger original tract, the absence of any
clause or reservation in plaintiff's title papers modifying
or limiting the use and enjoyment of such pre-existing out-
let, the value thereof and, after a voluntary admission as
to the existence of another way out, the inadequacy of such
alternative by reason of the longer route, said to be nearly
double in length as compared with that already in use, the
broken character of the ground, the river and streams to be
crossed and the intransitable condition of the road in wet
weather.

The answer after various admissions and denials sets up
as new matter, among other things, that plaintiff has an-
other outlet, to wit, a municipal road passing within less
than one meter of plaintiff's property.

The findings of fact follow in a general way the aver-ments of the complaint, and reference is made in passing to sections 571, 572 and 574 of the Civil Code.

The brief for appellant submits that the court below erred in weighing the evidence and in applying the law.

. A careful examination of the record discloses no such manifest error in the findings as to require a reversal.

Complaint is made of a variance, involving more or less confusion in the testimony of certain witnesses as to bound-aries with reference to the points of the compass, and some discrepancies between such testimony and the description of the properties mentioned in the complaint. But the variance was immaterial and technical rather than substan-tial, and no question in this regard seems to have been raised in the court below.

Not only does the objection come too late when made for the first time on appeal, but even when, during the course of the trial, a party insists that he has been surprised or misled he must substantiate the claim by showing in some way that it is well founded in fact. *Díaz et al.* v. *Rosado et al.,* 30 P. R. R. 476, and authorities cited.

Appellant also contends that the court below proceeded upon the theory of a "legal servitude" based upon the sec-tions of the Civil Code referred to by the trial judge, rather than upon the prescriptive right primarily asserted in the complaint. But, as we have already indicated, defendant not only made no objection to the form of the complaint, but set up as an affirmative defense the existence of the municipal road. There was some evidence to support the facts alleged in the complaint as to the comparative convenience of the two outlets, and defendant throughout the trial emphasized the existence of the newly opened public road, but wholly failed to show that the same was equally convenient or availa-ble as an outlet. That a party cannot try his case upon one theory and win his appeal upon another has been pointed

out on various occasions in our previous decisions and is too elementary to require extended discussion or the citation of authority.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.